IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION

WILLIAM MYRON THURMAN                             PETITIONER

VS.                  CASE NO. 2:06CV00114 SWW/HDY

LINDA SANDERS,
WARDEN, FCI FORREST
CITY, ARKANSAS                                          RESPONDENT

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Court Judge Susan Webber Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite 402
Little Rock, AR 72201-3325

## DISPOSITION

William Myron Thurman, in custody at FCI Forrest City, Arkansas, brings this action pursuant to 28 U.S.C. § 2241. He challenges the manner in which his sentence is being executed, alleging that he has been wrongfully denied credit for time served. Specifically, he contends that the respondent should compute his federal sentence as running concurrent with all of his previously imposed sentences in Texas state court. The petitioner presents the unusual case where he received his 180 month federal sentence in the United States District Court for the Eastern District of Texas in 1991 but the Judgment in the case was issued in March of 2001. The Judgment was silent as to whether the federal sentence was to be concurrent or consecutive to Texas sentences received by the petitioner in 1985 and 1991. The respondent disputes the merits of the petitioner's arguments. In

addition, the respondent contends the case should be dismissed because the petitioner has failed to exhaust his available administrative remedies.

EXHAUSTION: A prisoner is typically required to exhaust his administrative remedies before filing a petition pursuant to 28 U.S.C. § 2241. *See United States v. Chappel*, 208 F.3d 1069 (8th Cir. 2000). A prisoner aggrieved by an action of the BOP is required to exhaust his administrative remedies by presenting his grievance to the BOP in accordance with the provisions of the administrative procedure codified at 28 C.F.R. § 542.10 through 542.19. Under the procedure, the prisoner first seeks informal resolution of his grievance with the prison staff. If informal resolution fails, the prisoner then pursues a three-step process within the prescribed time intervals. The prisoner formally appeals to the Warden, then to the Regional Director, and last to the Office of General Counsel. The prisoner's administrative remedies have not been exhausted until his grievance has been filed and denied at each step. *See Ortiz v. Fleming*, 2004 WL 389076 (N.D. Texas 2004).

The respondent attaches a declaration from Daniel R. Severson to the response. Severson, a paralegal specialist with the BOP, states that the petitioner has failed to fully exhaust his administrative remedies in that he pursued only the first two appeals in the three-step administrative process.

While it is clear that the petitioner has not fully exhausted his administrative remedies, *Ortiz v. Fleming, supra*, instructs that adhering to the exhaustion requirement is not required if such an exercise is futile. Thus, the issue is whether requiring the petitioner to pursue the final stage of the administrative process is futile. From the Court's vantage point, it is difficult to determine if such an exercise is futile. A petitioner may feel that requiring this step is futile, and indeed the odds

weigh against a petitioner prevailing at this stage. Even so, it is speculative for the Court to deem the final stage of the administrative process futile. The BOP should be afforded an opportunity to fully assess this matter before the federal court intervenes. As a result, we recommend that the petition for writ of habeas corpus be dismissed without prejudice to permit the petitioner to fully exhaust his administrative remedies.

      IT IS SO ORDERED this  28  day of July, 2006.

*/s/ H. David Young*

_____
UNITED STATES MAGISTRATE JUDGE